**Joanne C. STAHL, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 95–3778.**

United States Court of Appeals, Federal Circuit.

May 8, 1996.

Rehearing Denied; Suggestion for Rehearing In Banc Declined July 17, 1996.

Joanne C. Stahl, Portland, Oregon, submitted Pro Se.

William A. Cardoza, Mary L. Jennings and Martha B. Schneider, Attorneys, Merit Systems Protection Board, Washington, D.C., submitted, for respondent.

Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Joanne Stahl seeks review of the decision of the Merit Systems Protection Board, SE0752950274–I–1, dismissing her appeal as untimely filed. We affirm the dismissal.

## BACKGROUND

Ms. Stahl, a Distribution Clerk with the Postal Service, was removed from service in March 1992 on the ground that she was medically unfit for duty. Ms. Stahl is a preference eligible veteran as defined by statute, and therefore is afforded certain appeal rights not available to other Postal employees. 5 U.S.C. § 2108; 39 U.S.C. § 1005. Upon her removal the Postal Service gave Ms. Stahl the written information that she could appeal to the MSPB and could participate in negotiated grievance procedures. She was told that if she chose to appeal to the Board she waived access beyond Step 3 of the negotiated grievance procedures, a step that did not include formal arbitration, and was subject to certain additional limitations not here relevant. Ms. Stahl was given a copy of the MSPB regulations, 5 C.F.R. § 1201 *et seq.* She then proceeded under the grievance procedures.

Eventually an arbitrator's decision against Ms. Stahl was issued on March 17, 1995. On April 21, 1995 Ms. Stahl filed with the MSPB a petition for review of the arbitrator's decision. The Board points out that the arbitrator's decision is not appealable, for 5 U.S.C. § 7121(d), which provides for Board review of arbitration decisions when discrimination is alleged, does not apply to Postal Service employees. *Burke v. United States Postal Service,* 888 F.2d 833, 834 (Fed.Cir.1989); *see Bacashihua v. Merit Sys. Protection Bd.,* 811 F.2d 1498, 1502 (Fed.Cir.1987) (5 U.S.C. § 7121 and implementing regulations do not apply to the Postal Service).

The Board thus issued an Order to Show Cause Regarding Timeliness, stating that Ms. Stahl was required to file any appeal to the Board within 20 days[1] of her removal from service, which occurred three years earlier, or to show good cause why the appeal was late. Rejecting Ms. Stahl's reasons, as we shall discuss, the Board dismissed her petition as untimely. This appeal followed.

## DISCUSSION

### A

■ In accordance with the Postal Reorganization Act, Pub.L. No. 91–375, 84 Stat.

719 (1970), Postal Service preference eligible employees may appeal directly to the Board or may invoke grievance/arbitration procedures under the agreement between the Postal Service and the American Postal Workers Union. *Bacashihua,* 811 F.2d at 1502. With limitations, preference eligible employees may participate in both paths of appeal. *See Mays v. United States Postal Service,* 995 F.2d 1056, 1059–60 (Fed.Cir. 1993) (discussing limitations on appeal procedures).

■ At the time of her separation Ms. Stahl was told, in the Letter of Decision, that an appeal to the Board would be deemed a waiver of grievance/arbitration procedures beyond Step 3. The letter stated certain limitations to her right to appeal to the Board, and that the time for appeal was "20 calendar days from the effective day of this decision." However, the MSPB regulations she was given at the time of separation stated that an arbitrator's decision can be appealed to the Board when there is an issue of prohibited discrimination.

Ms. Stahl argues that her appeal was filed within 35 days of the arbitrator's decision, as provided in the MSPB regulations she was given:

> 5 C.F.R. § 1201.154(d) If the appellant has filed a grievance with the agency under its negotiated grievance procedure in accordance with 5 U.S.C. 7121, he or she may ask the Board to review the final decision under 5 U.S.C. 7702 within 35 days of the date of issuance of that decision....

5 U.S.C. § 7121, which is referred to in § 1201.154(d), in turn provides:

> 5 U.S.C. § 7121(d) An aggrieved employee affected by a prohibited personnel practice under section 2302(b)(1) of this title which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both.... Selection of the negotiated procedure in no manner prejudices the right of an aggrieved employee to request the Merit

---

1. The period is now thirty days. 5 C.F.R. § .1201.22.

Systems Protection Board to review the final decision pursuant to section 7702 of this title in the case of any personnel action that could have been appealed to the Board....

Ms. Stahl alleged discrimination based on handicap and retaliation for EEO activity, thus invoking 5 U.S.C. § 2302(b)(1):

5 U.S.C. § 2302(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

(1) discriminate for or against any employee or applicant for employment—

* * * *

(D) on the basis of handicapping condition, as prohibited under section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791);

Ms. Stahl explains that although she has now been made aware that neither 5 U.S.C. § 7121 nor 5 C.F.R. § 1201.154(d) applies to Postal Service employees, even preference eligibles, she was misled at the time of her separation. She states that the material she was given did not explain, and she was not told, that the MSPB regulations did not all apply to the Postal Service. Thus she argues that there was good cause for the delay, and that the agency's act in giving her the partly-inapplicable MSPB regulations was sufficiently confusing to warrant waiver of the untimely filing of the appeal.

█ Ms. Stahl also argues that her interpretation of the information she was given at the time of separation was logical, for the provisions for concurrent grievance and Board appeal are meaningless or unfair if interpreted as the Postal Service interprets them. She points out that a preference eligible Postal employee who wishes to participate in a grievance procedure will find that the time for filing an appeal to the Board—a course that is available, according to the Letter of Decision—will have expired long before resolution of the grievance, even if the employee does not proceed beyond Step 3 of the grievance/arbitration process. Further, as the Board stated in its Initial Decision, "The Postal Service collective bargaining agreement may, however, and does, provide that an employee may not proceed to binding arbitration if the employee has appealed the same matter to the Board."

However, the issue before us is not the balance established in the procedures of the collective bargaining agreement, but whether Ms. Stahl was adequately notified of the correct appeal rights. As we have observed, in the Letter of Decision the Postal Service told Ms. Stahl that she had twenty days within which to appeal to the Board. The statement was plain and unambiguous. This notice, in a letter personal to Ms. Stahl, could not be ignored. It was a clear statement of an imminent time limit, and any apparent discrepancy with the MSPB's regulations should have engendered inquiry at the time.

Despite the complexities of the various appeal rights and procedures, Ms. Stahl was clearly and correctly informed of her choices, by personal letter containing correct time limits. The Board's finding that Ms. Stahl had reasonable notice of her appeal rights is supported by substantial evidence. We sustain the Board's ruling that good cause was not shown for waiver of the time limit and acceptance of the appeal. *See Phillips v. United States Postal Service,* 695 F.2d 1389, 1390–91 (Fed.Cir.1982) (waiver of time limit for filing appeal is committed to the sound discretion of the Board).

**B**

█ Ms. Stahl also argues that she should be permitted to appeal to the Board because she raised a handicap discrimination claim. For appeals of discrimination claims and "mixed cases" before the Board, the Federal Circuit considers only procedural or threshold issues of jurisdiction. *Ballentine v. Merit Sys. Protection Bd.,* 738 F.2d 1244, 1246–47 (Fed.Cir.1984).

█ The Board has jurisdiction of discrimination claims when an appealable adverse action is alleged to be based on discrimination. 5 U.S.C. § 7702(a); *Williams v. Department of the Army,* 715 F.2d 1485, 1487, 1491 (Fed.Cir.1983). *See Cruz v. Department of Navy,* 934 F.2d 1240, 1245–46 (Fed. Cir.1991) (there must be an appealable ad-

verse action in order to assert discrimination). In this case there was an adverse employment action. However, in order to raise discrimination as a defense to that action Ms. Stahl was required to file an appeal to the Board from the adverse action; such an appeal must meet the condition of timeliness or achieve waiver of untimeliness. *See Hopkins v. Merit Sys. Protection Bd.*, 725 F.2d 1368 (Fed.Cir.1984).

As discussed in Part A, on the facts here presented the Board acted within its discretion in declining to waive the untimely filing.

The assertion that the adverse action was based on discrimination does not of itself permit departure from the statutory and negotiated appellate rights of Postal Service employees.

*AFFIRMED.*