**PUBLISH**

**UNITED STATES COURT OF APPEALS**

Filed 11/19/96

**TENTH CIRCUIT**

PAULETTA C. MOSLEY,

   Plaintiff-Appellant,

v.

           No. 95-6311

FEDERICO PENA, Secretary of the
Department of Transportation,

   Defendant-Appellee.

Appeal from the United States District Court
for the W. District of Oklahoma
(D.C. No. CIV-94-1353-L)

Jim T. Priest, McKinney, Stringer & Webster, Oklahoma City, Oklahoma (Greg L. Maguire, Dean & Associates, Jones, Oklahoma on the brief), for Plaintiff-Appellant.

Steven K. Mullins, Assistant United States Attorney (Patrick M. Ryan, United States Attorney, and Robert J. Troester, Assistant United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Defendant-Appellee.

Before **TACHA, McWILLIAMS,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

Plaintiff brought this action for discrimination based on race and retaliation, alleging that defendant's actions violated Title VII of the Civil Rights Act of 1964. Plaintiff's amended complaint included three separate claims of discrimination. The district court granted summary judgment to defendant, holding that plaintiff's first claim was time-barred; that her second claim was filed prematurely because she failed to exhaust her administrative remedies; and that she had failed to establish a prima facie case with respect to her third claim. We affirm the grant of summary judgment on each of her claims.

Plaintiff Pauletta Mosley, an African-American, was employed by the Federal Aviation Administration (FAA) from 1969 until 1994, when she retired. After she was denied a promotion in 1990, Mosley filed administrative complaint 91-43, alleging discrimination based on race and in retaliation for her previous charge of discrimination in another case. The agency issued a finding of no discrimination and plaintiff thereafter appealed to the Equal Employment Opportunity Commission (EEOC). The EEOC affirmed the agency's finding of no discrimination on April 29, 1994. On August 18, 1994, Mosley filed her Complaint in district court.

In January 1993, after she was passed over for promotion a second time and while her first complaint was still pending before the EEOC, Mosley filed administrative complaint 93-141, again alleging discrimination based on race and

retaliation. The agency issued a finding of no discrimination and Mosley appealed the decision to the EEOC. On September 6, 1994, Mosley requested that the EEOC cancel her appeal and issue a right-to-sue letter. On September 19, 1994, before receiving a response from the EEOC, Mosley filed an Amended Complaint in district court which included claim 93-141.

On April 8, 1993, Mosley filed her last administrative complaint, 93-377, alleging discrimination in the settlement process of claim 93-141. On November 26, 1993, while 93-377 was pending, Mosley was again denied a promotion. The agency issued its finding of no discrimination on claim 93-377 on August 18, 1994. Mosley thereafter included 93-377 in her Amended Complaint filed September 19, 1994.

The district court granted summary judgment to defendant on all three claims, holding that 91-43 was time-barred; that 93-141 was prematurely filed because Mosley had failed to exhaust her administrative remedies; and that Mosley had failed to establish a prima facie case of discrimination in 93-377.

Plaintiff first challenges the district court's grant of summary judgment on claim 91-43. She argues that her appeal was timely or, in the alternative, that equitable considerations justify tolling the filing requirements of 42 U.S.C. § 2000e-16(c).

This court reviews the district court's entry of summary judgment *de novo*, applying the same legal standard used by the district court. *Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1823 (1996). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Section 2000e-16(c) of Title VII requires a plaintiff suing for racial discrimination in federal employment to file a claim within ninety days of receipt of notice of a final action by the EEOC. Compliance with the filing requirements of § 2000e-16(c) "is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). "Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights.'" *Id.* (quoting *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981)).

For purposes of determining when the plaintiff received notice of the EEOC's final action, notice to an attorney is imputed to the client. *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). Because Mosley failed to notify the EEOC

-4-

that she was no longer represented by counsel, notice to her former attorney is properly imputed to her. *But see Coates v. Shalala*, 914 F. Supp. 110, 112 (D. Md. 1996).

Mosley asserts that her former attorney, Alma Washington, did not receive notice of the EEOC's final action in 91-43 until May 20, 1994, and that her complaint was timely filed ninety days later. The record, however, contains a copy of a signed receipt indicating Washington received notice of the EEOC's final action by certified mail on May 16, 1994. Notwithstanding this evidence, Mosley relies on unspecified "Post Office procedures" and a series of handwritten numbers on the envelope to argue that Washington did not receive the EEOC's letter until May 20, 1994. Mosley has failed, however, to point to any record evidence to support her bare allegation that the numbers on the envelope relate to the letter's actual date of delivery. Accordingly, we affirm the district court's grant of summary judgment on claim 91-43.

In the alternative, Mosley argues that the time for filing her claim should be equitably tolled because she was misled by the EEOC's "inconsistent mailing practices" and by its failure to comply with the Code of Federal Regulations. Having carefully reviewed the record on appeal, the court determines that the EEOC's actions did not actively mislead the plaintiff. Plaintiff's reliance on the mailing practices of non-EEOC agencies to support her claim that the EEOC

misled her is misplaced; her argument that she relied upon EEOC statements and practices of which she was not yet aware is disingenuous. Moreover, because plaintiff does not claim to have relied upon the C.F.R. sections she cites, her argument that she was misled by the EEOC's failure to comply with them is unpersuasive.

Mosley next challenges the district court's grant of summary judgment on claim 93-141 for failure to exhaust administrative remedies. Administrative exhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e-16. *Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir. 1993). Despite this general requirement, a plaintiff may be excused from exhausting administrative remedies on related claims of discrimination or retaliation that occur after the filing of the original EEOC complaint. *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). This exception, however, does not apply to Mosley because she treated her retaliation claim 93-141 as a separate and distinct claim from the underlying claim of discrimination.

In *Ingels*, the plaintiff's retaliation claim was not the subject of a separate EEOC claim. *Id.* at 620. Rather, the plaintiff added the related retaliation claim to his fully exhausted underlying EEOC claim at the district court level. *Id.* Ingels asserted he was not required to file separate administrative charges for his retaliation claim because that claim was related to his underlying claim of

discrimination.  *Id.* at 624-25.  This court agreed and held that plaintiffs should not be put to the additional burden of exhausting their administrative remedies on retaliation claims as well as on the underlying claim.  *Id.* at 625.  The court stated: "'Indeed, requiring a plaintiff to file a second EEOC charge under these circumstances could have the perverse result of promoting employer retaliation in order to impose further costs on plaintiffs and delay the filing of civil actions relating to the underlying acts of discrimination."  *Id.* (quoting *Butts v. City of New York Dept. of Housing Preservation & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993)).

However, the *Ingels* rationale does not apply when, as here, the plaintiff has chosen to undertake the burden of filing separate claims with the EEOC.  In *Ingels,* the plaintiff treated his retaliation claim as ancillary; in this case, Mosley treated her retaliation claim as separate.  Although Mosley could have chosen to treat that claim as ancillary to the underlying discrimination claim 91-43, she instead filed a separate formal complaint with the EEOC alleging retaliation.  Furthermore, her August 18, 1994 complaint in district court did not include or refer to her retaliation claim 93-141 even though she had already received an

adverse decision from the FAA on claim 93-141. Instead, Mosley chose to administratively appeal the decision in 93-141.[1]

As a consequence, Mosley treated her retaliation claim 93-141 as distinct from the underlying claim 91-43. This court feels obliged to do the same. Under the circumstances, we find Mosley was required to exhaust her administrative remedies. Accordingly, the district court did not err when it granted defendant's motion for summary judgment on claim 93-141 on the ground that Mosley had failed to exhaust her administrative remedies.

Finally, Mosley challenges the district court's grant of summary judgment on claim 93-377, which alleged discrimination based on race and retaliation. Mosley argues that she suffered discrimination in settlement negotiations with the FAA on claim 93-141. In the alternative, she argues that she suffered discrimination when she was not selected for promotion in November 1993.

With respect to her claim that she suffered discrimination in the settlement process, Mosley has failed to present evidence that similarly-situated individuals outside her protected group were treated differently. As a result, she has failed to establish a prima facie case of discrimination based on race. *See Cole v. Ruidoso*

---

[1] Mosley failed to exhaust her administrative remedies in claim 93-141 because she later canceled her appeal and requested the EEOC to issue her a right-to-sue letter. Before the EEOC responded, Mosley filed her complaint in district court which included the underlying claim 91-43 and the retaliation claim 93-141.

*Mun. Schs.*, 43 F.3d 1373, 1380 (10th Cir.1994). Because she has failed to demonstrate that the failure to settle her claim was an adverse employment action or that a causal connection exists between her protected activity and the non-settlement of her claim, Mosley has likewise failed to establish a prima facie case of retaliatory discrimination. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1420 (10th Cir. 1995).

Mosley's argument that she is not required to establish a prima facie case because she has presented direct evidence of discrimination is unpersuasive. "A plaintiff in an employment discrimination case proves discrimination by direct evidence when she presents proof of 'an existing policy which itself constitutes discrimination.'" *Tomsic v. State Farm Mut. Auto. Ins. Co.*, 85 F.3d 1472, 1477 (10th Cir. 1996) (quoting *Ramsey v. City & County. of Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990)). Mosley argues that the statements of Peter Kochis, the director of the FAA facility where she was employed, constitute direct evidence of discrimination in the settlement negotiations of claim 93-141.[2] "Statements

---

[2]The EEO counselor investigating claim 93-141 reported that:

Mr. Kochis stated (off the record) would you want to hire a problem employee who file [sic] (EEO) all the time on you (meaning every time a selection is made). Mr. Kochis stated are you (EEO Counselor) familiar with Ms. Mosley [sic] previous EEO cases (she files all the time) but one case where she got her relatives a contract, our office went after her (termination) but we had to bring her back and so I'm sure there are some hard feeling [sic] still about this

which on their face are expressions of personal opinion, however, can only support an inference of discrimination if the trier of fact finds the inference reasonable, and so constitute only circumstantial or indirect evidence of discrimination against the plaintiff." *Id.* Because Kochis's statements are on their face expressions of personal opinion and not proof of an existing policy which itself constitutes discrimination, Mosley is not relieved of the burden of establishing a prima facie case.

Mosley's argument that she suffered discrimination when she was not selected for promotion in November 1993 is likewise unavailing. Mosley filed administrative complaint 93-377 on April 8, 1993. Accordingly, the discrimination she claims to have suffered occurred after she filed her claim. Because the FAA's failure to promote Mosley in November 1993 cannot provide the basis for a complaint filed seven months earlier, we affirm the district court's grant of summary judgment on claim 93-377.

For the foregoing reasons, the district court's grant of summary judgment on claims 91-43, 93-141 and 93-377 is **AFFIRMED**.

---

particular situation. At that time I (Mr. Kochis) was not the Manager.