**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RUBEN MARTINEZ,

       Plaintiff-Appellant,

v.

RODNEY E. SLATER, Secretary of
Transportation,*

       Defendant-Appellee.

No. 97-2040
(D.C. No. CIV-95-23-BB)
(D. N.M.)

ORDER AND JUDGMENT**

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     The current Secretary of Transportation, Rodney E. Slater, is substituted for
former Secretary Federico Pena. See Fed. R. App. P. 43(c)(1).

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's dismissal of his Title VII claims, see 42 U.S.C. §§ 2000e to 2000e-17, alleging the Federal Aviation Administration (FAA) removed him from its air traffic controller training program based upon unlawful discrimination.[1] The district court granted defendant summary judgment, see Fed. R. Civ. P. 56(c), dismissing the Title VII claims because plaintiff had failed to file a timely complaint. Liberally construing plaintiff's pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), and reviewing the district court's decision de novo, see Mosley v. Pena, 100 F.3d 1515, 1517-18 (10th Cir. 1996), we affirm, but for reasons slightly different than those upon which the district court relied, see Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1524 (10th Cir. 1997) (appellate court may affirm on any legal ground supported by record).

Before asserting Title VII claims in federal court, a federal employee must first exhaust his administrative remedies. See Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993). Plaintiff filed an equal employment opportunity (EEO) complaint with the FAA on May 1, 1992, following his receipt of several letters detailing his unsatisfactory performance and proposing his removal from the training program. The FAA eventually removed plaintiff from the program and

---

[1] On appeal, plaintiff does not challenge the district court's dismissal of his 42 U.S.C. §§ 1983 and 1985(3) claims.

terminated his employment, effective July 25, 1992. Plaintiff then appealed his removal to the Merit Systems Protection Board (MSPB), alleging discrimination.

When a federal employee administratively challenges his removal based at least in part on discrimination, the employee may choose to file a "mixed case" complaint with the agency or a "mixed case" appeal with the MSPB, but not both. See 29 C.F.R. §§ 1613.402(a) & (b), 1613.403 (1992, subsequently amended).[2] "[W]hichever is filed first (the mixed case complaint or the [mixed case] appeal) shall be considered an election to proceed in that forum." 29 C.F.R. § 1613.403.

A "mixed case" complaint is one alleging discrimination "related to, or stemming from an action taken by an agency against the complainant, which action may be appealed to the MSPB." Id. § 1613.402(a)(1). Plaintiff's May 1, 1992 EEO complaint was not a "mixed case" complaint because there was as yet no adverse personnel action appealable to the MSPB. See Cruz v. Department of Navy, 934 F.2d 1240, 1243 (Fed. Cir. 1991); see also King v. Reid, 59 F.3d 1215, 1217-18 (Fed. Cir. 1995); Gomez v. Department of the Air Force, 869 F.2d 852, 855-56 (5th Cir. 1989).

---

[2]    New regulations governing mixed cases, see 29 C.F.R. §§ 1614.301-1614.310, went into effect October 1, 1992, see McAdams v. Reno, 64 F.3d 1137, 1141 n.3 (8th Cir. 1995), after plaintiff's administrative filings. "The procedures governing mixed cases[, however,] were not significantly altered." Id.

Plaintiff's subsequent appeal to the MSPB, following the effective date of his removal, was a "mixed case" appeal, see 29 C.F.R. § 1613.402(b), and must be deemed plaintiff's election to challenge his allegedly discriminatory removal through proceedings before the MSPB, see id. § 1613.403. The MSPB, which had authority to address, and did consider, plaintiff's discrimination claims, see 5 U.S.C. § 7702(a)(1); see also, e.g., McAdams, 64 F.3d at 1142-43 & 1143 n.5, denied plaintiff relief in a decision that became final January 4, 1993. Despite receiving clear and unambiguous notice of his right to seek further administrative review of the MSPB's decision or to commence an action in federal court, see I R. doc. 65, ex. I at 10-11, plaintiff failed to take any further action. See 5 U.S.C. § 7703(b)(2) (requiring plaintiff to file a complaint in federal court within thirty days of receiving notice of judicially reviewable decision); cf. Stahl v. MSPB, 83 F.3d 409, 412 (Fed. Cir. 1996) (despite complexities of various appeal rights and procedures, failure to file timely appeal to MSPB was not excused where plaintiff received notice from agency that clearly and correctly informed her of choices for seeking review, as well as correct time limits in which to act).

Assuming that § 7703(b)(2)'s thirty-day time limit is subject to equitable tolling,[3] plaintiff has failed to allege any circumstances in this case that would

---

[3]    Compare Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995) (equitable tolling is not applicable to § 7703(b)(2)), with Blaney v. United

(continued...)

support tolling the time period in which he had to appeal the MSPB's decision. See, e.g., Mosley, 100 F.3d at 1518 (equitable tolling may be appropriate where agency actively misled plaintiff or where extraordinary circumstances prevented plaintiff from asserting rights). In particular, the still pending EEO complaint could not justify plaintiff's delay in filing this federal action. The EEO complaint originally challenged only the agency's provision of training opportunities and the proposed removal of plaintiff from the training program. According to plaintiff's own allegations, it was not until almost six months after the MSPB's final decision that the Equal Employment Opportunity Commission (EEOC) remanded the EEO complaint to the agency to consider, for the first time, whether plaintiff's termination was discriminatory. Because the EEOC's remand occurred well after the time had expired for plaintiff to pursue further review of the earlier MSPB decision, the remand could not have misled plaintiff into foregoing his right to commence timely litigation following the MSPB's decision. After this remand, the FAA correctly dismissed plaintiff's EEO complaint, in light of the MSPB's previous resolution of those discrimination issues. See 29 C.F.R. §§ 1614.107(d), 1614.302(c)(1).

_____

[3](...continued)
States, 34 F.3d 509, 512-13 (7th Cir. 1994) (§ 7703(b)(2) time limit is not jurisdictional, but may be subject to equitable tolling), and Nunnally v. MacCausland, 996 F.2d 1, 4 (1st Cir. 1993) (in appropriate case, § 7703(b)(2) may be subject to equitable tolling), and cases cited therein.

Because plaintiff failed to file a timely complaint following the MSPB's decision, the district court did not err in granting defendant summary judgment and dismissing plaintiff's Title VII claims. See Johnson, 64 F.3d at 237-38 & 237 n. 1. His appellate arguments addressing discovery issues and the district court's application of its local rules are, thus, moot.

Finally, plaintiff's argument that the district court judge and the magistrate judge should have recused themselves is unpersuasive, both because plaintiff failed to make any timely or sufficient request for recusal, see, e.g., Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992); Willner v. University of Kan., 848 F.2d 1020, 1022-23 (10th Cir. 1988), and because he failed to allege sufficiently any actual or apparent bias or prejudice on the part of either the magistrate judge or the district court judge, see, e.g., Willner v. University of Kan., 848 F.2d 1023, 1026-28 (10th Cir. 1988).

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge