**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-60134
Summary Calendar

DONALD F. MADDOX,

Plaintiff-Appellant,

versus

MARVIN T. RUNYON, Postmaster; LEE COLLINS,
Plant Manager of the United States Postal Service and
individually; GREGORY BODY, Supervisor at the
United States Postal Service and individually,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

April 21, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

STEWART, Circuit Judge:

The sole issue in this case is whether Donald F. Maddox ("Maddox"), a former United States Postal Service employee, filed his Title VII employment discrimination claim against the Postmaster General in a timely manner in the district court. Finding that Maddox failed to file suit within ninety days of the final agency action as required by 29 C.F.R. § 1614.408(a), we affirm the district court's dismissal of Maddox's claim.

**I.**

By Letter of Decision dated May 26, 1994, the United States Postal Service informed Maddox that he would be removed from his job (*i.e.*, that of a mail handler) effective June 3, 1994. The Postal Service's actions stemmed from allegations that Maddox had threatened his supervisor.

Alleging that the Postal Service's actions were race- and age-based discriminatory, (1) the National Postal Mail Handlers Union on May 17, 1994 instituted grievance and arbitration procedures on behalf of Maddox pursuant to Article 16.1 of the National Agreement;[1] and (2) Maddox on August 3, 1994 initiated contact with the Equal Employment Opportunity (EEO) office within the Postal Service. Maddox is a white male who was 43 years old at the time.

On January 25, 1995, an arbitrator held that the Postal Service had good reason to terminate Maddox's employment and denied his grievances. As for Maddox's EEO action, it was dismissed via Final Agency Decision on December 29, 1994; the Decision stated that Maddox's contact with the EEO office was untimely because it was initiated more than forty-five days after the effective date of his removal. See 29 C.F.R. § 1614.105(a)(1). Maddox did not seek review of this Decision by the Equal Employment Opportunity Commission ("EEOC"), see 29 C.F.R. §§ 1614.401-1614.407, or in federal court, see 29 C.F.R. § 1614.408. In its Final Agency Decision, the Postal Service EEO office informed Maddox that he could "file a civil action in an appropriate U.S. District Court within 90 days of [his] receipt of this decision."

Maddox subsequently filed a second complaint with the Postal Service EEO office on February 8, 1995, alleging that he had been discriminated against on the basis of race, age, and sex during the aforementioned arbitration hearing. The EEO office dismissed this complaint via Final Agency Decision on May 1, 1995, noting (once again) Maddox's untimely initiation of contact with the EEO office. Maddox appealed this decision to the EEOC, Office of Federal Operations, which dismissed the claims by decision dated November 1, 1995.

---

[1]Article 16.1 of the National Agreement provides as follows:

In the administration of this Article, a basic principle shall be that discipline should be corrective in nature, rather than punitive. No employee may be disciplined or discharged except for just cause such as, but not limited to, insubordination, pilferage, intoxication (drugs or alcohol), incompetence, failure to perform work as requested, violation of the terms of this Agreement, or failure to observe agency rules and regulations. Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back pay.

On December 7, 1995, Maddox filed the instant suit, alleging (1) race-based discriminatory termination in violation of Title VII against the Postmaster General (Runyon); (2) Bivens claims (based on the Fifth Amendment) against Runyon and two of his (Maddox's) supervisors; and (3) state law contract claims against all three defendants. By its Opinion and Order dated December 6, 1996, the court dismissed with prejudice all of Maddox's claims except his Title VII claim against Runyon. As to Maddox's Title VII claim, the court found that because it was unclear whether notice of the forty-five-day period during which Maddox was required to contact the Postal Service EEO Office had been properly posted, there was a genuine issue of material fact concerning whether the forty-five-day period had been equitably tolled. Defendant Runyon then fi led a Motion for Partial Reconsideration, raising for the first time his argument that Maddox failed to file suit in the district court within ninety days of the final action by the EEO office as required by 29 C.F.R. § 1614.408. (As mentioned, Maddox filed this Title VII suit on December 7, 1995, approximately one year after the Postal Service EEO office's December 29, 1994 Final Agency Decision dismissing his first EEO complaint,[2] but within ninety days of the EEOC's November 1, 1995 affirmation of the Postal Service EEO Office's Final Agency Decision dismissing his second EEO complaint.)[3]

Reviewing Runyon's motion pursuant to Fed.R.Civ.P. 60(b)(6),[4] the district court on February 3, 1997 granted the motion and dismissed with prejudice Maddox's Title VII claim against Runyon. Focusing on the Final Agency Decision of December 29, 1994, the court refused to equitably toll the ninety-day filing requirement because Maddox "voluntarily chose to disregard . . . notice [of this] requirement in his right to sue letter" and instead chose to pursue internal arbitration

---

[2]As mentioned, Maddox did not seek EEOC or federal court review of this Decision.

[3]"A complainant typically has several opportunities to elect between continuing to pursue administrative remedies and filing a civil action [including, *inter alia*,] during . . . the ninety-day period following the final agency decision [or] during the ninety-day period following the EEOC's decision on the appeal of a final agency decision." See Major John P. Stimson, *Unscrambling Federal Merit Protection*, 150 MIL. L. REV 165, 195 (Fall 1995) (citing 29 C.F.R. § 1614.408).

[4]Fed.R.Civ.P. 60(b)(6) provides for relief from a judgment, or reconsideration of a judgment, for any "reason justifying relief from the operation of the judgment."

procedures. In addition, noting that Maddox was "attempting to bootstrap himself back into his claim of discriminatory termination by alleging discrimination in the arbitration hearing" and that "the arbitration hearing was held precisely for the purpose of determining whether [Maddox's] discriminatory termination claims had merit," the court held that it would be "meaningless to allow him to continue with his claim of discrimination at the arbitration hearing" given that the court had "already determined that Maddox may not proceed with his discriminatory termination claim." Maddox's instant appeal is limited to the district court's February 3, 1997 decision.

## II.

### STANDARD OF REVIEW

"The broad language of Fed.R.Civ.P. 60(b)(6) provides the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." Harrell v. DCS Equipment Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992) (quotations and citations omitted). Because the trial court's decision concerning Rule 60(b)(6) is one that is addressed to its sound discretion, we review the trial court's determination only for an abuse of discretion. Id.

### DISCUSSION

Maddox alleges that he was terminated on the basis of his race in violation of Title VII. As discussed, this claim was advanced in Maddox's initial EEO complaint, which was denied by Final Agency Decision on December 29, 1994. Although the C.F.R. § 1614.408 ninety-day filing period allowed Maddox to file a civil action alleging this claim any time before April 8, 1995, Maddox neglected to file the instant suit until December 7, 1995.

Maddox argues that his failure to file suit within the applicable ninety-day period should be overlooked because action on his initial EEO complaint should have been *deferred* until completion of the invoked arbitration procedures. Maddox cites three reasons to support this contention. First, he posits that his administrative remedies were not fully exhausted until the arbitrator decided against him on his claims brought pursuant to the National Agreement. See Pacheco v. Rice, 966 F.2d 904,

4

905 (5th Cir. 1992) ("[F]ederal employees must first exhaust their administrative remedies *before* they may bring suit in federal court.") (emphasis added). Second, he notes that the United States Postal Service's EEO handbook explicitly acknowledges the possibility of deferral:

> [I]n the event an aggrieved employee file[s] both a[n] EEO complaint and continue[s] to pursue grievance procedures, then the EEO complaint may be deferred until the grievance procedure [is] completed.[5]

Finally, Maddox claims—in a conclusory manner—that arbitration and EEO processes cannot be pursued simultaneously, and therefore, deferral of the EEO action was mandatory.

In sum, we take Maddox's argument to be as follows: (1) the EEO action that culminated in the December 29, 1994 Final Agency Decision rejecting his claims of discriminatory termination should have been deferred (*i.e.,* for the reasons mentioned above); (2) the EEO's failure to defer the action rendered invalid or irrelevant all subsequent determinations or events in this case; and (3) in light of these consequences, he should now be allowed to either re-pursue his initial EEO complaint and/or proceed with this case.

We reject Maddox's argument for several reasons. First, Maddox has not set forth any authority (nor have we found any) for the proposition that pursuit of internal grievance procedures is an administrative remedy that must be exhausted before a Title VII suit can be brought. Second, the above-cited language from the EEO Handbook does not indicate that the EEO Office *must* defer action on a complaint if the complainant also pursues arbitration. Indeed, Maddox has not cited any authority that construes the Handbook to *require* such a deferral.

*At first glance*, however, certain provisions of the Federal Labor-Management Relations Act, 5 U.S.C. §§ 7101-35, ostensibly support Maddox's claim that arbitration and EEO processes cannot be pursued simultaneously. "Under the terms of the Act, a *federal* employee [with exclusive union representation] who alleges employment discrimination must elect to pursue his claim under either a statutory procedure [(*e.g.*, the EEO process)] or a union-assisted negotiated grievance procedure [unless the grievance procedure specifically excludes discrimination claims]; he cannot pursue both

---

[5]The handbook is not a part of the record. The above-cited language appears in Runyon's brief.

5

avenues, and his election is irrevocable." Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 768 (9th Cir. 1991) (citing 5 U.S.C. § 7121(d) (emphasis added). Because the grievance procedure at issue in this case (apparently) allowed Maddox to pursue his discrimination complaint, and because Maddox's first step in pursuit of his claim was invocation of this procedure, section 7121(d) seemingly trumps any simultaneous EEO consideration of his claim that occurred in this case. Id.[6]

As noted by the Federal Circuit, however, section 7121(d) is inapplicable to Postal Service employees. Stahl v. Merit Sys. Protection Bd., 83 F.3d 409, 411 (Fed. Cir. 1996) (". . . 5 U.S.C. § 7121(d) . . . does not apply to Postal Service employees."); see also Burke v. United States Postal Service, 888 F.2d 833, 834 (Fed. Cir. 1989); Bacashihua v. Merit Sys. Protection Bd., 811 F.2d 1498, 1502 (Fed. Cir. 1987). As such, we are left with the Supreme Court's pronouncement that contractual rights under a collective-bargaining agreement and the statutory right provided by Congress under Title VII "have legally independent origins and are *equally available* to the aggrieved employee." Alexander v. Gardner-Denver Co., 415 U.S. 36, 52, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974) (emphasis added);[7] cf. Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229, 230 (5th Cir. 1991) (noting that Gilmer read Alexander as involving only the issue of whether arbitration of contract-based claims precluded *subsequent* judicial resolution of statutory claims). Maddox's claim

---

[6]After an arbitration is concluded, "a grievant may appeal [the] arbitration decision to the EEOC. [In addition,] the union and the agency may file exceptions with the [Federal Labor Relations Authority (the "FLRA")]. The FLRA decision binds the agency, but the grievant may appeal that decision to the EEOC. The grievant also . . . [may] file a civil action at almost every juncture in the process." Stimson, 150 MIL. L. REV. at 202 (internal citations omitted). Maddox has not indicated how, or under what conditions, he can utilize this procedural backdrop to advance his argument.

[7]In Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d (1991), the Supreme Court limited Alexander considerably when it held that, pursuant to the Federal Arbitration Act, a claim for age discrimination "can be subjected to compulsory arbitration pursuant to an arbitration agreement in a securities registration application." 111 S.Ct. at 1650. Because there is no indication in the instant case— from the parties' briefs or the record—that a provision in the National Agreement or any statute *required* arbitration of Maddox's discrimination claim, we find Alexander's application to this case to be unimpeded by Gilmer.

6

alleging unwarranted simultaneous pursuit of arbitration and EEO procedures is therefore without merit.

## III.

Each of Maddox's arguments alleging mandatory deferral of action on his initial EEO complaint has thus been rejected. Because Maddox failed to file the instant suit within ninety days of the Final Agency Decision dismissing his complaint, the district court's dismissal of Maddox's Title VII claim is AFFIRMED.[8]

AFFIRMED.

---

[8]Maddox does not argue on appeal: (1) that the district court erred by finding that the ninety-day limitations period was not equitably tolled, or (2) that the district court erred in finding that it would be meaningless to allow him to continue with his claim of discrimination at the arbitration hearing (after the court had already determined that he could not proceed with his discriminatory termination claim). These arguments have therefore been waived. See United States v. Musa, 45 F.3d 922, 925 (5th Cir. 1995) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised . . . are not considered on appeal.") (citation omitted).