United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10235
Summary Calendar

GREGORY A. NICHELSON,

Plaintiff-Appellant,

versus

UNITED DOMINION REALTY TRUST; TOM TOOMEY; CHERYL PUCCI;
DENISE ROCHE; SANDRA KELLER; PEGGY COVEY; JAIME LACAZE; DOES
1 THROUGH 6,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-462-R
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory A. Nichelson has appealed the district court's order
and judgment dismissing his pro se amended complaint, against
United Dominion Realty Trust ("UDRT") and six individuals, for
failure to state a claim upon which relief may be granted.  This
court reviews de novo a district court's dismissal under FED.
R. CIV. P. 12(b)(6) for failure to state a claim.  Brown v.
NationsBank Corp., 188 F.3d 579, 585 (5th Cir. 1999).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A complaint may not be dismissed under Rule 12(b)(6) unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Id. "[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996).  Nichelson's original appellate brief and reply brief are replete with factual assertions and legal claims that were not made in the amended complaint.  We have not considered those new factual assertions and legal claims in reviewing whether the district court's erred in dismissing the amended complaint.

In his amended complaint, Nichelson asserted that UDRT's "Directors and Human Resources Managers" had conspired fraudulently to terminate his employment with UDRT, while he was on leave because of the terminal illness of his grandmother, in violation of the Family and Medical Leave Act ("FMLA").  Nichelson complained that he had been blacklisted because of

untrue negative information in his personnel file, i.e., that he was ineligible to be rehired. Nichelson complained he had been unable to secure employment in the property management field because two individual defendants had conveyed that false information to other would-be employers. Nichelson complained that he had earned commissions that were not paid at the time of his termination.

These conclusional allegations do not state a claim upon which relief can be granted and there is no reason to believe on the basis of the amended complaint alone that Nichelson could cure the deficiencies in his complaint through further amendment. See Taylor, 296 F.3d at 378. To establish a prima facie case of retaliation under the FMLA, a plaintiff must establish (1) that he engaged in protected activity, (2) that he suffered an adverse employment decision, and (3) that a causal connection existed between the protected activity and the adverse employment decision. Chaffin v. John H. Carter Co., Inc., 179 F.3d 316, 319 (5th Cir. 1999). The third element may be satisfied by showing either that "the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA," or that "the adverse decision was made because of the plaintiff's request for leave." Bocalbos v. National Western Life Ins. Co., 162 F.3d 379, 383 (5th Cir. 1998). Nichelson did not allege adequately in his amended complaint that there was a causal connection between his FMLA protected leave and the adverse employment decision.

See Chaffin, 179 F.3d at 319. There was also no factual explication of the state-law liable and conversion claims. The district court did not err in granting the motion to dismiss.

We contrue Nichelson's "Notice of Emergency Reversal of Order," filed after entry of the order of dismissal but before entry of the judgment, as a motion for relief from the order of dismissal under FED. R. CIV. P. 60(b)(6). Under Rule 60(b)(6), the district court may relieve a party from an order "upon such terms as are just" and for any "reason justifying relief." FED. R. CIV. P. 60(b)(6). "A court may grant relief under [Rule] 60(b)(6) only under extraordinary circumstances." Heirs of Guerra v. United States, 207 F.3d 763, 767 (5th Cir. 2000). The district court's order denying the Rule 60(b)(6) motion is reviewed for an abuse of discretion. Maddox v. Runyon, 139 F.3d 1017, 1020 (5th Cir. 1998).

Nichelson contended in his Rule 60(b)(6) motion that there were outstanding discovery requests and his responses to those requests would clarify the nature of those claims. Nichelson attached to his "Notice," copies of correspondence apparently related to a complaint filed with the Equal Employment Opportunity Commission. In the attached documents, Nichelson complained that he was terminated wrongfully for job abandonment. He stated that, while on approved family leave, he had attempted unsuccessfully to communicate with his employer. Nichelson complained that he was the victim of unlawful gender and racial

discrimination because a female employee had been treated differently and because the adverse job action occurred after UDRT learned that he was in a bi-racial marriage. Nichelson complained also that he had earned commissions and vacation pay that were withheld from him improperly.

Although these conclusional assertions elaborate to some degree on the nature of Nichelson's claims, they do not demonstrate that extraordinary relief was warranted in that Nichelson would be able to assert a prima facie case of retaliation under the FMLA if given another opportunity to amend his complaint. See Chaffin, 179 F.3d at 319. There was no mention of gender or racial discrimination in the amended complaint. The district court did not abuse its discretion in denying the Rule 60(b)(6) motion. See Maddox, 139 F.3d at 1020.

Previously, the clerk granted Nichelson's motion for leave to file record excerpts in excess of 40 pages, subject to reconsideration by this panel. Because the record excerpts include documents that are not in the record, the clerk's order is VACATED and the motion is DENIED. Nichelson has moved for leave to amend his complaint and for appointment of counsel. Those motions are DENIED. The appellees have moved for a protective order and for an award of attorneys' fees. That motion is DENIED. The appeal is DISMISSED AS FRIVOLOUS. See FED. R. APP. P. 34(a)(2)(A).

APPEAL DISMISSED; MOTIONS DENIED.