**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID A. LOGAN,

              Plaintiff–Appellant,

v.

COX COMMUNICATIONS KANSAS,
LLC,

              Defendant–Appellee.

No. 10-3182
(Case No. 2:08-CV-02364-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

submitted without oral argument.

        Plaintiff David Logan filed a pro se complaint against his former employer

Cox Communications ("Cox") alleging age discrimination.  The district court

awarded summary judgment to Cox because Mr. Logan failed to file his complaint

---

        [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

within the ninety-day window required under 29 U.S.C. § 626(e) and the absence of extraordinary circumstances barred equitable tolling of this filing requirement. We agree and affirm.

Mr. Logan was terminated by Cox on March 31, 2004. He filed complaints with the Kansas Human Rights Commission ("KHRC") and the EEOC alleging age discrimination. At the time, Mr. Logan was represented by an attorney. On November 15, 2004, the KHRC sent Mr. Logan and his attorney a "no probable cause" determination letter, and on February 2, 2005, the EEOC adopted the KHRC findings and sent Mr. Logan and his attorney a Dismissal and Notice of Rights letter. On February 8, Mr. Logan's attorney sent him a letter containing the EEOC notice, an explanation of the ninety-day requirement to file suit, and his termination of representation.

However, Mr. Logan had moved residences on November 23, 2004, without informing the EEOC, and he never received the EEOC notice or his attorney's letter.[1] In May 2005, Mr. Logan was notified by his attorney's office that he was no longer represented. He retrieved his case files but did not act again until December 12, 2007 when he sent a letter to the EEOC requesting review of the KHRC's determination. On December 19, 2007, the EEOC replied that it would

_____

[1] Although there is some confusion in the record about which letters Mr. Logan actually received, we view the facts most favorably to Mr. Logan and assume he did not personally receive either the EEOC notice or the letter from his attorney.

-2-

stand behind its February 2, 2005 decision and letter.

On August 6, 2008, more than three years after the EEOC sent Mr. Logan and his attorney its Notice of Rights letter, Mr. Logan filed this pro se complaint against Cox, alleging age discrimination in violation of the ADEA. Cox moved for summary judgment, arguing that Mr. Logan's action was time-barred since he filed it beyond the ninety-day window prescribed in 29 U.S.C. § 626(e). The district court agreed and awarded summary judgment to Cox. This appeal followed.

We review the district court's decision de novo, applying the same legal standard as the district court and viewing the evidence in the light most favorable to the nonmoving party. *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1189 (10th Cir. 2005). Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). However, we "review[] the district court's decision not to apply equitable tolling for an abuse of discretion." *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003). Because Mr. Logan proceeds pro se, we construe his filings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Once the EEOC notifies a claimant of its dismissal or termination of the claimant's charge, "[a] civil action may be brought . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e). If a claimant fails to file within this provided period, the

-3-

action is barred subject to the doctrines of waiver, estoppel, and equitable tolling. *See Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1267 (10th Cir. 1996). Equitable tolling may be warranted where the plaintiff has been "lulled into inaction by her past employer," "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights." *Id.*

Mr. Logan's attorney received the EEOC notice in February 2005. As such, the notice is imputed to Mr. Logan. *See Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) ("For purposes of determining when the plaintiff received notice of the EEOC's final action, notice to an attorney is imputed to the client."). Thus, absent some extraordinary circumstance, Mr. Logan's delay of over three years, from receipt of the EEOC's notice in February 2005 to the filing of his complaint in August 2008, would bar his complaint.

Mr. Logan argues on appeal that his attorney failed to communicate with him and that Cox withheld certain information requested by Mr. Logan in his interrogatories for this case. However, any potential deceit by Cox during discovery would have occurred after Mr. Logan filed his complaint, not during the period between 2005 and 2008.

The thrust of Mr. Logan's equitable tolling argument appears to be based on the lack of communication between Mr. Logan and his attorney in early 2005. While it does appear Mr. Logan may not have initially understood the procedural posture of his case, by the time the EEOC denied his 2007 request for further

review, he was well aware of the EEOC's 2005 decision and Notice of Rights. Yet, he waited another eight months before filing this action. Under these circumstances, the district court did not abuse its discretion by finding that Mr. Logan's explanations were inadequate to justify equitable tolling.

We therefore **AFFIRM** the district court's decision.

Entered for the Court


Monroe G. McKay
Circuit Judge