[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12019
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-02340-LCB


MEAGAN A. TROUPE,

Plaintiff-Appellant,

versus

LOUIS DEJOY,[1]
Postmaster General, United States Postal Service,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 21, 2021)

---

[1] Troupe brought her Title VII lawsuit against Megan Brennan, who was the Postmaster General at the time that she filed suit. Under federal law, Louis DeJoy was "automatically substituted" as defendant when he replaced Brennan as Postmaster General. Fed. Rule Civ. Proc. 25(d)(1); *see* Fed. Rule App. Proc. 43(c)(2).

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Meagan A. Troupe appeals following the district court's grant of summary judgment in favor of her former employer, the Postmaster General of the United States, in her employment discrimination and retaliation lawsuit under Title VII of the Civil Rights Act.  After review, we affirm.

I.

Troupe is an African American woman who began working for the United States Postal Service in Toney, Alabama in June 2014.  During her two years of employment with the Postal Service, Troupe was terminated three times—once after failing a "window training" examination that would have qualified her to work at the customer service counter, once after an extended absence following a workplace injury, and a third time after her work attendance was irregular for a period of several weeks—and reinstated twice through union grievance procedures. After the second reinstatement, Troupe successfully completed window training but continued to work the same hours as before, which required her to arrive at the post office at 4:00 a.m. to receive Amazon deliveries.  Troupe was dissatisfied with this schedule and her limited working hours, and she became concerned for her safety after seeing a man walking toward her in the post office parking lot early one morning when she arrived.  Her attendance at work became sporadic, and she

was fired a third and final time in late July 2016 for failing to maintain a regular work schedule.

Troupe pursued her administrative remedies through the Equal Employment Opportunity Commission and filed this lawsuit in the Northern District of Alabama, bringing employment discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. After the parties completed discovery, the district court granted the Postmaster General's motion for summary judgment on all of Troupe's claims. Troupe now appeals the entry of summary judgment in the defendant's favor on her claims of employment discrimination and hostile work environment.[2]

## II.

We review the district court's grant of summary judgment de novo, construing the facts and drawing all reasonable inferences in favor of the nonmoving party. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291–92 (11th Cir. 2012). Summary judgment is appropriate when the record evidence shows that there is no genuine dispute as to any material fact and the moving party is

---

[2] Troupe makes passing references to her Title VII retaliation claims in the statement of facts in her initial brief, but she makes no argument challenging the district court's conclusion that she failed to show a connection between the conduct she complains of and her protected activity. She has therefore abandoned her retaliation claims on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681, 683 (11th Cir. 2014) (an appellant abandons a claim on appeal where she mentions it in her initial brief but "either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

On appeal, Troupe argues that the district court erred in granting summary judgment to the Postmaster General on her claims that she was subjected to adverse employment actions and a hostile work environment based at least in part on her race and color. We disagree. Summary judgment on Troupe's discrimination and hostile-work-environment claims was appropriate because Troupe failed to present evidence from which any reasonable jury could infer that her race or color played any role in her employer's personnel decisions or the alleged hostile treatment by her supervisor and coworkers.[3]

---

[3] Troupe argues that the district court erred in concluding that some of her Title VII claims were barred under 5 U.S.C. § 7121(d) because she previously raised those issues through the union grievance process. The Postmaster General concedes that the district court's decision in this respect—which essentially adopted the defendant's own argument—was error, and that § 7121(d) does not apply to Postal Service employees. *See* 5 U.S.C. § 2105(e); *see also Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998). We have not yet addressed this issue in a published opinion, and we need not do so here because we conclude that Troupe failed to present sufficient evidence of discriminatory treatment to survive summary judgment. We may affirm the district court's judgment on any ground supported by the record, regardless of whether the district court relied on it. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

A.

Title VII provides, in part, that personnel actions affecting federal employees "shall be made free from any discrimination based on" race or color. 42 U.S.C. § 2000e-16(a). The "'free from any discrimination' language means that personnel actions must be made in 'a way that is not tainted by differential treatment based on' a protected characteristic." *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1199 (11th Cir. 2021) (quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020)).

A plaintiff may survive a motion for summary judgment on her Title VII discrimination claim by presenting circumstantial evidence raising a reasonable inference of intentional discrimination by her employer. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). One way to do so is by using the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, the plaintiff must first make out a prima facie case of discrimination by showing that: (1) she was member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the job; and (4) her employer treated similarly situated employees outside her class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc).

5

Troupe has not made the preliminary showing required under *McDonnell Douglas* because she failed to identify an appropriate "comparator"—that is, another employee of a different race or color who was otherwise "similarly situated" to her "in all material respects" and who was treated more favorably than she was. *Id.* at 1224. Troupe mentions that, aside from Smith, the other employees in the Toney, Alabama post office were white. But she has not presented any evidence that any of those employees were similarly situated to her in all material respects and were treated more favorably than she was. For example, although Troupe testified that she had heard that employees of other races who failed the window training examination were not fired, she failed to identify any other employee of any race who took the examination and failed.[4]

But "establishing the elements of the *McDonnell Douglas* framework is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case. Accordingly, the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case." *Smith*, 644 F.3d at 1328. A "plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue

---

[4] We have recognized that the *McDonnell Douglas* evidentiary framework is not well suited for analyzing Title VII federal-sector claims, in any event. *See Babb*, 992 F.3d at 1204. That is because federal-sector plaintiffs may be able to show that a personnel decision was not made "free from any discrimination" under § 2000e-16(a) even if the government can show that it had nonpretextual reasons for the decision—"the presence of those reasons doesn't cancel out the presence, and the taint, of discriminatory considerations." *Id.*

concerning the employer's discriminatory intent"—what we have sometimes referred to as a "convincing mosaic of circumstantial evidence." *Id.*; *see Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1320 (11th Cir. 2012) ("A triable issue of fact exists if the record, viewed in the light most favorable to the plaintiff, presents enough circumstantial evidence to raise a reasonable inference of intentional discrimination.").

Troupe presented no such evidence here. She testified that she believed that her initial termination was related to her color because although Smith was also an African American woman, she "was a darker shade" than Troupe, and aside from Smith, the other employees in the Toney, Alabama post office were white. In addition, Troupe alleged that at some point after Troupe's first termination and reinstatement, Smith commented that Troupe had "a very even skin tone" and wondered why she wore makeup to work. These facts do not provide sufficient evidence to permit a reasonable jury to infer that Troupe's race or color played any role in her three terminations or in the letters of warning issued by Smith. An "inference based on speculation and conjecture is not reasonable." *Avenue CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (citation omitted). Accordingly, the district court did not err in granting summary judgment on Troupe's claims of race and color discrimination.

B.

An employer is responsible for a racially hostile work environment, and therefore violates Title VII, when "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1152 (11th Cir. 2020) (citation omitted). To succeed on a hostile-work-environment claim, a plaintiff must establish that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was motivated by a protected characteristic, such as race; (4) the harassment was so severe or pervasive as to alter the terms and conditions of her employment and create an abusive working environment; and (5) a basis exists for holding the employer liable for the harassment. *See id.* at 1153; *see also Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 836 (11th Cir. 2021). The conduct complained of must result in an environment that is both subjectively perceived to be abusive by the plaintiff and such that it would be viewed as hostile or abusive by a reasonable person. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002).

Troupe argues that Smith created or permitted a hostile work environment by: saying "Oh, you're back" in a mocking tone after Troupe's first reinstatement; expressing her suspicion of Troupe's workplace injury claim; questioning her work

ethic in front of other employees; treating her with a cold or sarcastic demeanor; commenting on her "even skin tone" when she wore makeup to work; failing to resolve Troupe's parking disputes with her coworkers or to adequately discipline a coworker who yelled at Troupe for taking the best parking space; failing to intervene when the same coworker "micromanaged" Troupe and criticized her work performance; and failing to add an additional employee to the early-morning shift to alleviate Troupe's safety concerns. Again, even assuming that this conduct could be considered objectively severe and pervasive, Troupe has not shown that the alleged mistreatment she suffered was in any way motivated by her race or color. While Smith's comment that Troupe had "a very even skin tone" may have been inappropriate, Troupe has not alleged that the comment itself was disparaging or abusive, and she has failed to show any connection whatsoever between her race or color and any of the other behavior that she alleges was hostile or abusive.

It is a "bedrock principle that not all objectionable conduct or language amounts to discrimination under Title VII." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) (en banc). Title VII is not a "general civility code" and does not make ordinary workplace conflicts actionable. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1234 (11th Cir. 2006) (citation omitted). Because she failed to establish a connection between her race or color and the allegedly harassing behavior, the defendant was entitled to judgment

9

as a matter of law on Troupe's hostile work environment claim—"only conduct that is 'based on' a protected category, such as race, may be considered in a hostile work environment analysis." *Jones*, 683 F.3d at 1297.

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the Postmaster General on Troupe's Title VII claims.

**AFFIRMED.**