**Jesus M. CEJA, Petitioner,**

v.

**UNITED STATES, Respondent.**

**Appeal No. 83–620.**

United States Court of Appeals, Federal Circuit.

June 27, 1983.

William A. Dougherty, Villa Park, Cal., for petitioner.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner and Marsha D. Peterson, Washington, D.C., for respondent.

Before RICH, and KASHIWA, Circuit Judges, and COWEN, Senior Circuit Judge.

COWEN, Senior Circuit Judge.

The petitioner (Ceja) seeks review of a final order of the Merit Systems Protection Board (MSPB or Board) which sustained an initial decision dismissing his appeal as untimely filed. We hold that the Board erred in failing to hold that the presiding official abused his discretion, *reverse* the decision of the Board, and *remand* the case for further proceedings.

Petitioner was employed as a property disposal specialist with the Defense Logistics Agency at the Property Disposal Office, Marine Corps Air Station, El Toro, California. He had had 30 years of military and civilian service at the time he was removed from his position for "conspiracy in the theft of government property and theft of government property." At the time Ceja was notified of the decision to remove him, he was informed that he had the right to appeal the decision within 20 calendar days after the effective date of the action. This is required by MSPB Regulations, 5 CFR § 1201.22(b). His removal became effective November 30, 1979, and approximately 20 months later, on August 20, 1981, he appealed his removal through his counsel.

By order of the San Francisco Regional Office of the MSPB, petitioner was invited to show that good cause existed for a waiver of his failure to appeal within the prescribed period. He responded with a written declaration, which stated that he declared under penalty of perjury that the statements contained therein were true and correct.* The declaration stated, among other things, that:

1. He had only a tenth grade education.

2. Douglas C. Mitton (the agency representative who was designated to assist petitioner in his appeal) was informed that petitioner desired to use his written response to the agency's notice of proposed removal as his appeal, but that Mr. Mitton did not inform petitioner that this could not be done or tell him what other things were necessary to perfect his appeal.

3. He had been informed by his supervisor, Mr. Larry Beal, that if he appealed his dismissal, he would be prosecuted criminally.

4. He informed Mr. Mitton that he had been told that if he appealed he would be prosecuted criminally, and that Mr. Mitton's only response was that he had not heard anything about prosecution.

In the initial decision, the presiding official stated that there was no regulation which required the agency to assist the petitioner in filing his appeal. He brushed aside petitioner's sworn statement that his delay in appeal was attributable to his fear of criminal prosecution by the statement:

Appellant's bare allegation that he was told that he would be criminally prosecuted if he appealed is unsubstantiated by the record.

We reject this finding because Ceja met his burden of proof with an affidavit which is uncontested. The Government, in its brief before us, has conceded that no request was made to the agency to present evidence in rebuttal of petitioner's sworn declaration, as is often done in cases before the Board.

*Alonzo, et al. v. Department of the Air Force, et al.,* 80 FMSR ¶ 7032 (1980) is the

---

\* As provided in 28 U.S.C. § 1746, such an un- sworn declaration is equivalent to an affidavit.

seminal decision of the MSPB which delineates the factors which are to be considered in deciding whether the 20-day time limit for appeal is to be waived. That decision states in part as follows:

> If the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing. The appellant need not show an utter impossibility, but only that the delay was excusable in light of the particular facts and attending circumstances where diligence or ordinary prudence has been exercised.

The *Alonzo* opinion also states:

> Generally, we believe that in cases such as these, any doubt about whether good cause has been shown should be resolved in favor of an appellant. In determining whether the agency was unduly prejudiced by the delay, we have balanced the equities involved, weighing the difficulties of the agency against the benefit to the appellant.

The application of the *Alonzo* rule to the facts before us leads to the conclusion that the threat of retaliation by criminal prosecution for the exercise of petitioner's legal right to appeal was a reasonable excuse for not meeting the regulatory time limit. This is especially true where, as here, the belief was created and fostered by Government personnel who were on notice of petitioner's fear and did nothing to dispel it. *See McCormack v. United States,* 204 Ct.Cl. 371 (1974) for the effect of an employee's fear of reprisal on his failure to file a timely appeal from a proposed separation.

Although the presiding official in this case found that the waiver of the time limit in petitioner's case would "pose an undue prejudice to the agency," no evidence of such prejudice was offered. Since the petitioner presented undisputed evidence of a reasonable excuse for the delay in filing his appeal, it was incumbent upon the agency to offer evidence that prejudice resulted from the delay. *Booker v. United States Postal Service,* 5 MSPB 267 (Mar. 25, 1981); *Cardin v. Department of the Army,* 4 MSPB 97 (Nov. 3, 1980).

To his petition for review of the initial decision, petitioner attached the declarations of Larry Beal, his supervisor, and O.C. Russell, one of petitioner's co-workers, attesting to the widespread belief held by petitioner and other employees that an appeal to the MSPB would be met with criminal prosecution. These declarations, like petitioner's, stated that they were made under penalty of perjury and that they were true and correct. No evidence in rebuttal of these declarations was presented to the Board, but it nevertheless sustained the initial decision and dismissed the appeal.

We conclude that the presiding official abused his discretion in finding that Ceja had not shown good cause for waiving the time limit for filing his appeal, and that the Board erred in sustaining the initial decision. Accordingly, the decision is reversed and the case is remanded with instructions to reinstate petitioner's appeal and grant him a hearing on the merits.

REVERSED AND REMANDED.