**Gloria D. YOUNG, Annie L. Stevenson, and Claribell A. Umber, Petitioners,**

v.

**DEPARTMENT OF COMMERCE, CENSUS BUREAU, Respondent.**

Appeal No. 83–1298.

United States Court of Appeals, Federal Circuit.

June 28, 1984.

Robin M. Gerber, Washington, D.C., argued for petitioners.

Beacham O. Brooker, Jr., Washington, D.C., argued for respondent. With him on the brief were Richard Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Director, Washington, D.C.

Thomas J. Conley, Office of the General Counsel, Dept. of Commerce, Washington, D.C., of counsel.

Before RICH and KASHIWA, Circuit Judges, and FORD, Judge.[*]

RICH, Circuit Judge.

This appeal is from the Opinion and Order of the Merit Systems Protection Board (MSPB) of May 19, 1983 (Docket Nos. DC03518211042, DC03518211059, and DC03518211196), consolidating and denying the petitions for review of the three above-named petitioners. The MSPB's order is predicated upon the failure of petitioners to timely submit signed appeal forms pursuant to 5 CFR 1201.24(a)(9), and the MSPB determined that petitioners had not shown good cause for a waiver of the filing period allowed by the MSPB. We reverse.

### Background

Petitioners received notification on February 17, 1982, concerning a reduction in force scheduled for March 20, 1982, at the U.S. Census Bureau, U.S. Department of Commerce (agency). Petitioners received a second notification on March 4, 1982, of changes in their employment status due to this reduction in force. Petitioner Young was downgraded; petitioners Stevenson and Umber were removed from their posi-

* The Honorable Morgan Ford, U.S. Court of International Trade, sitting by designation.

tions. Several hundred other employees in the agency were also affected by the reduction in force. Local 2782 of the American Federation of Government Employees (union) challenged the reduction in force by filing appeals with the MSPB on behalf of all of the affected employees. The individuals affected by the reduction in force had received from the agency a copy of the MSPB's regulations as well as an appeal form that did not provide space for a signature, even though the regulations specify that a signature is required.

The union attempted to get employee signatures on all of the appeal forms initially filed, having designed an appeal form including a signature space, but it was not able to do so. On April 14, 1982, the MSPB ordered the union to resubmit appeal forms personally signed by those petitioners who had not initially signed their appeal forms and provided the union with a 15-day extension period for this purpose. The MSPB rejected several hundred petitions in all. The union, which did not have addresses or phone numbers for all of the agency's affected employees, resorted to posting signs, publishing notices, searching through telephone books, and contacting acquaintances of these employees in order to get the signatures. Approximately 200 petitions for appeal were resigned and resubmitted to the MSPB prior to the extended expiration date of April 29, 1982.

The signed appeals of the present three petitioners were filed shortly after this deadline; Umber and Stevenson refiled on May 4, and Young on May 10, 1982. In response to a show cause order of May 25, 1982, a group of Census Bureau employees, including the present petitioners, set forth several reasons in support of their requests for the late acceptance of their petitions for appeal, including the following: (1) the slight delay will not harm the agency's defense or prejudice its case; (2) the purpose for time limits is to prevent adjudication of stale appeals and these cases are as timely as those of the other affected employees now pending before the MSPB; (3) the 15-day time limit imposed by the MSPB was arbitrary and this should not deny

petitioners their appeal; (4) the agency refused to provide the union with addresses of the employees affected by the reduction in force that would have enabled the union to contact petitioners; (5) the agency provided the employees with an out-of-date appeal form; and (6) petitioners were under great mental stress from the adverse impact of the reduction in force, and the MSPB regulations were confusing. Additionally, approximately 800 petitioners filed petitions for appeal, presumably causing logistical problems for the union.

## OPINION

This court has jurisdiction to hear the appeal under 5 U.S.C. § 7703(b)(1). Our standard of review of appeals of decisions from the MSPB is governed by § 7703(c) (Supp.IV 1980) providing that we shall "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence...."

Petitioners suggest two grounds for reversing the MSPB's refusal to accept their appeals; (1) the MSPB's failure to accept the appeals shortly after the expiration of the extended filing period was an abuse of discretion, and (2) the union is the authorized and exclusive bargaining representative of petitioners and may therefore file on their behalf without being required to secure the signatures of the individual petitioners. Because we reverse the MSPB under the first argument above, we need not and do not decide the second.

The twenty day time limit for filing an appeal may be waived "for good cause shown" under 5 CFR 1201.12; however, petitioners, under § 1201.56(a)(2), have the burden of proof as to the issue of justification of waiver. Appeals must further comply with § 1201.24(a)(9) in that each petitioner must sign the petition for appeal.

As the MSPB noted in its opinion, these regulations grant it wide discretion in determining whether a sufficient basis has been shown by a petitioner which warrants waiver of the time limitation period. Indeed, this court generally recognizes the MSPB's discretion and, for example, has held that "[w]hether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the Board's discretion and this court will not substitute its judgment for that of the Board." *Phillips v. United States Postal Service*, 695 F.2d 1389, 1390 (Fed.Cir.1982). This court in *Phillips* recognized that the "statutory provisions for appeals to the Board give the Board broad discretion in handling appeals and controlling its own docket by requiring that appeals be processed in accordance with regulations prescribed by the Board." 695 F.2d at 1390–91.

A seminal decision by the MSPB, *Alonzo v. Department of the Air Force*, 4 MSPB 262 (1980) sets forth the factors which the MSPB considers in deciding whether or not to waive the time limit for filing appeals. *Alonzo* states that when an employee presents a reasonable excuse for a delay in filing, the excuse should be accepted absent a showing by the agency of substantial prejudice because of the delay in filing. The determination of undue prejudice requires the balancing of equities between the government and petitioner.

In consonance with our statutory duty under § 7703(c), in *Ceja v. United States*, 710 F.2d 812, 814 (Fed.Cir.1983), we applied the *Alonzo* tests and reversed the MSPB's failure to find good cause for a late filing when its action was an abuse of discretion. Notwithstanding our deference to the MSPB under *Phillips*, we find here that the excuses offered by petitioners are reasonable and find no showing of prejudice to the agency in the record. Under the circumstances of this case, we hold that the MSPB abused its discretion in not accepting the three appeals.

The decision of the MSPB dismissing petitioners' appeals is *reversed.*

REVERSED.