856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth E. LITTLETON, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 88-3213.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1988.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE07528710091 (Mar. 23, 1988), affirming the dismissal of the appeal of Kenneth E. Littleton for untimely filing, is affirmed.
 
 OPINION
 
 2
 On March 2, 1987, the MSPB dismissed without prejudice Mr. Littleton's appeal of his removal because the United States Attorney's Office was pursuing a criminal investigation of him for allegedly obstructing or stealing mail, the same conduct which was the subject of his MSPB appeal. That decision provided that Mr. Littleton could reinstitute his MSPB appeal by refiling no later than 20 days after, inter alia, "a formal, unequivocal statement from the United States Attorney, or his designated agent, that criminal prosecution will not be pursued." Mr. Littleton had knowledge by June 12, 1987, at the latest, of the letter to him from the Federal Public Defender for the Western District of Washington informing him that the United States Attorney's Office had completed its investigation and had decided not to prosecute. However, Mr. Littleton did not refile his appeal until July 6, 1987, 24 days later.
 
 
 3
 Untimely filing may be waived upon a showing of good cause by the appellant and, in the absence of demonstrated prejudice to the government, any excuse that is reasonable in light of the particular facts and circumstances should be accepted. Ceja v. United States, 710 F.2d 812, 814 (Fed.Cir.1983); see generally Alonzo v. Department of the Air Force, 4 M.S.P.R. 180 (1980). On July 9, 1987, the MSPB issued an order directing Mr. Littleton to show that the appeal was timely filed or to offer good cause for the delay, but he did not comply.
 
 
 4
 In his appeal to this court, Mr. Littleton asserts that "[t]here were circumstances which were not known to me at the time of the untimely filing" and indicates that such circumstances "were brought to my attention in February 1988." Mr. Littleton gives no indication of what were the unknown circumstances revealed by this "new evidence," but that evidence could only be relevant to his delay if he had been unable to refile his appeal until he discovered it. However, without the knowledge of circumstances revealed by that evidence in February of 1988, Mr. Littleton refiled his appeal on July 6, 1987. Therefore, that evidence, whatever it was, could not have been critical to his decision to refile his appeal. Furthermore, any bearing that evidence might have had on the merits of his case is irrelevant here.
 
 
 5
 Without any offered justification for the delay between July 2, 1987 (the last day within the 20-day period for refiling) and July 6, 1987, this court is unable to conclude that the board abused its discretion in finding that the time limit for Mr. Littleton's untimely appeal should not be waived and that the appeal should be dismissed for lack of jurisdiction. See Turner v. Merit Systems Protection Board, 806 F.2d 241, 246 (Fed.Cir.1986). Therefore, the decision of the board must be affirmed.