11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annabella P. PRICE, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3356.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
Rehearing Denied March 9, 1994,
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Annabella P. Price petitions for review of the April 9, 1993 decision of the Merit Systems Protection Board, Docket No. SF0752890216-C-2, dismissing as untimely her petition for enforcement of a settlement agreement. Because the Board did not abuse its discretion, we affirm.
 
 DISCUSSION
 
 2
 On February 28, 1989, Price entered into a settlement agreement with the Department of the Navy (agency), which provided that Price would resign her position as a supervisory clerk-typist and the agency would provide her with back pay and attorney fees. Pursuant to the agreement, Price received back pay from the agency on April 5, 1989. On August 20, 1992, Price filed an enforcement petition with the Board, alleging that she had not been paid the correct amount under the agreement.
 
 
 3
 Because Price filed her petition more than three years after the 30-day regulatory time limit had expired, the Administrative Judge (AJ) found that Price had failed to file her petition within the prescribed time and that she had failed to establish good cause for her delay. See 5 C.F.R. Sec. 1201.182(a) (1993). The ALJ accordingly dismissed Price's petition as untimely. The initial decision became the final decision of the Board when the Board denied review on April 9, 1993. Price now petitions for review of that decision.
 
 
 4
 We review the Board's refusal to waive the time limit for abuse of discretion. 5 U.S.C. Sec. 7703(c) (1988); Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). Price argues that the Board abused its discretion in dismissing her petition. Price emphasizes numerous unfortunate events that she has experienced over the past several years and argues that these events collectively precluded her from filing her enforcement petition in a timely manner. While we are sympathetic to Price's position, we are not convinced that the Board abused its discretion. The AJ specifically considered the various disruptions in Price's personal life and found that they did not, either individually or collectively, establish that Price was prevented by circumstances beyond her control from filing her petition within a reasonable time. We will not substitute our own judgment for that of the Board. Mendoza, 966 F.2d at 653.
 
 
 5
 Price also argues that the Board failed to consider whether the agency would be prejudiced by a waiver of the time limit, relying on our decisions in Young v. Department of Commerce, 737 F.2d 1029 (Fed.Cir.1986) and Ceja v. United States, 710 F.2d 812 (Fed.Cir.1983). These cases, however, require the Board to consider the issue of prejudice only after the petitioner has provided a reasonable excuse for the delay. Young, 737 F.2d at 1031; Ceja, 710 F.2d at 814. Here, because the Board found that Price had failed to provide a reasonable excuse for her filing delay, and did not abuse its discretion in so doing, it did not need to reach the issue of prejudice.
 
 
 6
 Price further asserts that she filed the instant petition slightly more than two months after she received a decision from the Board in June of 1992 in a separate and unrelated enforcement proceeding concerning attorney fees. Price thus argues that she filed within a reasonable time. This fact, however, is irrelevant to the present case. The pertinent date for purposes of determining timeliness is the date of the alleged breach, not the date of the Board's decision in an unrelated matter. Nevertheless, the Board did address Price's argument and specifically found that even had she established due diligence until June 1992, she failed to provide an acceptable excuse for her two-month filing delay thereafter.
 
 
 7
 Finally, Price asserts that her pro se status should excuse her late filing. Price states that her lack of legal training and access to legal materials placed her at a disadvantage and rendered her unable to meet the filing deadline. This argument is unavailing. Although we recognize the difficulties facing a pro se litigant, we have held that pro se status by itself does not excuse untimely filing and that "litigants before the Board, whether rich or poor, ... are obligated to respect the Board [and] its procedures, including [filing] deadlines." Mendoza, 966 F.2d at 653. We thus conclude that the Board did not abuse its discretion in dismissing Price's petition for untimely filing.