Perry BLAIR, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3381.

United States Court of Appeals, Federal Circuit.

DECIDED: March 11, 2002.

Before RADER, SCHALL, and DYK, Circuit Judges.

RADER, Circuit Judge.

Perry E. Blair appeals the July 19, 2001 final decision of the Merit Systems Protection Board (Board) denying Mr. Blair's petition for review in one of three consolidated cases, DE–844E–92–0092–C–3, 89 M.S.P.R. 113, and dismissing his petitions for review in the remaining two cases as untimely filed without a showing of good cause, DE–844E–92–0092–I–1, DE–844E–92–0092–C–I. All three cases relate to Mr. Blair's disability benefits. Because the decision of the Board is in accordance with law and not an abuse of discretion, this court *affirms.*

## BACKGROUND

Before 1990, Mr. Blair worked as a Food Service Worker at the Department of Veterans Affairs Medical Center in Denver, Colorado. After sustaining a work-related arm injury, Mr. Blair applied to the Office of Personnel Management (OPM) for disability retirement benefits under the Federal Employees Retirement System (FERS). OPM denied Mr. Blair's application. He appealed to the Board.

In an initial decision issued February 14, 1992, the administrative judge reversed and ordered OPM to grant Mr. Blair's application for FERS benefits. This initial decision became final on March 20, 1992. OPM later notified the Board that OPM had approved Mr. Blair's application.

On August 18, 1992, before receiving any FERS payments, Mr. Blair elected to receive Federal Employee Compensation Act (FECA) benefits for disability under 5

U.S.C. §§ 8101–8193 (1992). As indicated on the election form signed by Mr. Blair, his election to receive FECA disability benefits operated in lieu of any FERS retirement benefits to which he may have otherwise been entitled (except for benefits payable by the Thrift Savings Plan). The Department of Labor informed OPM of Mr. Blair's election. OPM then sent Mr. Blair a letter stating that his FERS benefit payments would be suspended while he received FECA benefits from the Department of Labor.

After receipt of OPM's letter, Mr. Blair filed a petition for enforcement with the Board, alleging that OPM did not comply with the Board's February 14, 1992 decision. In a November 16, 1992 opinion, which became final on December 21, 1992, the administrative judge held that OPM's refusal to pay FERS benefits did not constitute noncompliance with the Board's February 14, 1992 decision because Mr. Blair elected to receive FECA benefits instead of FERS benefits.

Mr. Blair subsequently filed another petition for enforcement to compel OPM to retroactively restore his FERS benefits or order the Department of Labor to pay him a lump-sum benefits payment. Mr. Blair's petition also objected to the reduction of his FECA payments by the amount of his Social Security disability benefit. On October 26, 2000, the administrative judge dismissed this petition on the grounds that the Board lacked jurisdiction over the FECA claim and lacked authority to retroactively award FERS benefits because Mr. Blair was still receiving FECA benefits.

Mr. Blair filed a petition with the Board on December 1, 2000, seeking review of the October 26, 2000 decision. Based upon a review of the December 1, 2000 filing, the Clerk for the Board notified Mr. Blair that his December 1, 2000 petition would be treated as additionally incorporating petitions for review of the February 14, 1992 and November 16, 1992 decisions. On July 19, 2001, the Board denied the petition for review of the October 26, 2000 decision on the merits, and dismissed the petitions for review of the February 14, 1992 and November 26, 1992 decisions as untimely.

## DISCUSSION

This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

A determination of whether the Board has jurisdiction to address a particular petition for review is a question of law, which this court reviews without deference. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999). The Board's jurisdiction is limited to those actions specifically granted by some law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Antolin v. Dep't of Justice*, 895 F.2d 1395, 1396 (Fed.Cir. 1989) (citing *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983)). A petitioner must establish that the Board possesses jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2001); *Van Wersch v. Dep't of Health and Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir. 1999) (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995)).

### A.

■ No law, rule, or regulation grants the Board jurisdiction to review the Department of Labor's decisions regarding FECA benefits. Rather, the law expressly denies such jurisdiction. Specifically, 5 U.S.C. § 8128(b) (1988) (emphasis added),

which governs a review of compensation payments for work-related injuries, provides, in relevant part:

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

Accordingly, the Board correctly held that it lacks jurisdiction to review the Department of Labor's decisions regarding FECA benefits.

■ The Board's decision denying retroactive restoration of Mr. Blair's FERS benefits lost during the period in which he received FECA benefits is also clearly in accordance with law. Under the applicable statutes, 5 U.S.C. §§ 8116(a), 8337(f) and 8464a (1988), Mr. Blair is not entitled to both FERS disability retirement benefits and FECA benefits for permanent total or partial disability under 5 U.S.C. §§ 8101–8193. Specifically, 5 U.S.C. § 8464a (1988), provides, in relevant part, that "an individual is not entitled to receive (A) [a FERS] annuity under subchapter II or V [of the FERS provisions], and (B) compensation for injury to, or disability of, such individual under subchapter I of [the FECA provisions] ... covering the same period of time." Accordingly, the Board properly held that it lacked authority to retroactively award FERS benefits because Mr. Blair was still receiving FECA benefits. See, Appel v. Office of Personnel Management, 777 F.2d 691 (Fed.Cir.1985).

By virtue of his various petitions, Mr. Blair seeks dual compensation under the FERS disability retirement provisions and the FECA disability provisions. The basis of Mr. Blair's arguments appears to be his mistaken belief that he could have received a lump-sum payment of his FECA benefits in addition to receiving FERS annuity payments. Rather, if an employee requesting FERS annuity payments has received a lump-sum FECA payment for permanent total or permanent partial disability, 5 U.S.C § 8464a(b) requires either repayment of the FECA lump-sum payment or reduction of the FERS annuity payments by the amount of the FECA lump-sum payment. Moreover, unless an employee qualifies under four exceptions not applicable in the present case, 5 U.S.C. § 8116(a) mandates that an employee receiving FECA compensation or having received a lump-sum in commutation of installment payments may not receive salary, pay, or remuneration of any type from the United States until the expiration of the period during which the installment payments would have continued. Thus, the FERS annuity payments and the FECA lump-sum disability payment requested by Mr. Blair are mutually exclusive. Mr. Blair simply cannot receive the requested dual compensation.

■ Finally, Mr. Blair argues that OPM's delay in calculating and informing him of the FERS disability annuity he could receive rendered his decision to elect the FECA benefits and forego the FERS disability annuity involuntary. Such delay in payment did not render Mr. Blair's election involuntary.

## B.

■ Under the Board's regulations, a petitioner must seek review within thirty-five days of the issuance of an initial decision. 5 C.F.R. § 1201.114(d) (1992). Petitions for review filed after thirty-five days are dismissed as untimely unless the Board waives the time limit upon a showing of good cause for the delay. Turner v. Merit Sys. Prot. Bd., 806 F.2d 241 (Fed.

Cir.1986); 5 C.F.R. § 1201.56(a)(2) (1992). The petitioner bears the burden of showing good cause for any delay. *Young v. Dep't of Commerce,* 737 F.2d 1029, 1030 (Fed.Cir.1984).

In the present case, Mr. Blair waited over seven years before filing the petitions for review of the February 14, 1992 and November 16, 1992 decisions. In his effort to show good cause for this lengthy delay, Mr. Blair submitted evidence of depression, stress, and the preoccupation of caring for his sick mother. The Board found this evidence insufficient to justify waiver of the time limit because the submitted evidence addresses only the delay from 1999 through 2001. Whereas Mr. Blair has not presented evidence explaining the five-year delay from 1992 to 1999, the decision of the Board to dismiss these petitions for review is not an abuse of discretion.

Although Mr. Blair contends that the Board is bound because the administrative judge waived the time limit by stating in a September 6, 2000 Acknowledgment Order that Mr. Blair's original appeal was still applicable, Mr. Blair has taken the administrative judge's statement out of context. The administrative judge's complete statement reads: "The parties are reminded that the procedures and filing requirements set forth in the Order acknowledging [Mr. Blair's] original appeal are applicable in this case." Nothing in this statement suggests that the administrative judge waived the thirty-five day time limit.

## CONCLUSION

Because the decision of the Board is in accordance with law and not an abuse of discretion, this court affirms.