NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3249

ALEX M. GRIJALVA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Linda Rose Fessler, The Law Offices of Linda R. Fessler, of Los Angeles, California, for petitioner.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Calvin Morrow, Acting Assistant General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3249

ALEX M. GRIJALVA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in SF 0752070815-I-1.

_____

DECIDED: January 12, 2009

_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Alex M. Grijalva challenges the decision of the Merit Systems Protection Board dismissing his petition for review as untimely filed. We affirm.

## BACKGROUND

Mr. Grijalva was a maintenance mechanic with the Department of Homeland Security at the United States Coast Guard Integrated Support Command in San Pedro, California. Mr. Grijalva's responsibilities included supervising inmates from the Federal

Correctional Institution on Terminal Island, California, who were assigned to perform maintenance and repair duties at the Integrated Support Command as part of an inmate labor program. On June 19, 2007, the agency issued a notice of decision removing Mr. Grijalva from his position for aiding in the smuggling of prohibited items to Terminal Island inmates in exchange for money. The letter informed Mr. Grijalva of his right to appeal the decision to the Board within 30 days of his effective removal date of June 25, 2007, or within 30 days of his receipt of the removal decision. Mr. Grijalva filed an appeal with the Board on September 11, 2007.

In an acknowledgment order dated September 17, 2007, the administrative judge assigned to the case notified Mr. Grijalva that his appeal appeared to be untimely and advised Mr. Grijalva to respond with evidence showing that his appeal was timely filed or that good cause excused the filing delay. Although Mr. Grijalva filed a response to that order on September 21, 2007, his response did not address the timeliness issue. On September 26, 2007, Mr. Grijalva submitted a second response, in which he asked that the untimeliness of his appeal be excused because he had waited to appeal until after he received notice from the U.S. Attorney's office regarding the completion of its criminal investigation relating to his actions. Mr. Grijalva explained that he had filed his appeal with the Board after learning that he was being charged with a misdemeanor rather than a felony and after signing a plea agreement on September 13, 2007.

On November 26, 2007, the administrative judge dismissed Mr. Grijalva's appeal as untimely filed. Mr. Grijalva then filed a petition for review with the full Board in which he again explained that he had incorrectly believed that he could not file his appeal of the agency's removal decision until he knew whether the U.S Attorney intended to

charge him with a felony or misdemeanor. The full Board denied Mr. Grijalva's petition for review, and Mr. Grijalva then petitioned for review by this court.

## DISCUSSION

Board regulations provide that an appeal of an agency decision must be filed within 30 days of the effective date of the decision or within 30 days of the date that the appellant received the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The Board can waive the time limit if the appellant shows good cause for the delay. Id. § 1201.22(c). Whether the appellant's showing of good cause is sufficient to justify waiving the time limit "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Because the agency's decision to remove Mr. Grijalva became effective on June 25, 2007, Mr. Grijalva's appeal on September 11, 2007, was 48 days late. The administrative judge found that the considerable length of the delay militated against waiving the time limit. The administrative judge further found that the agency's removal notice clearly explained the time limit for appealing the removal decision. The notice explained that Mr. Grijalva had the right to appeal the agency's decision so long as he filed his appeal within 30 calendar days of the effective date of removal or 30 calendar days after he received the decision. Mr. Grijalva asserts that the administrative judge should have excused his delay because he thought that the 30-day time limit did not commence until he learned whether the U.S. Attorney was going to charge him with a misdemeanor or a felony. The administrative judge found that Mr. Grijalva's mistaken belief regarding the relevance of the criminal investigation did not constitute a

2008-3249                                    3

circumstance beyond Mr. Grijalva's control that affected his ability to file an appeal in a timely manner. Therefore, the administrative judge concluded that Mr. Grijalva failed to show good cause for the delay.

Mr. Grijalva argues that he gave a "reasonable excuse for the delay," and that the administrative judge was therefore required to forgive his untimely filing "absent a showing of substantial prejudice to the agency caused by the delay in filing." Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1582 (Fed. Cir. 1994). To establish good cause or a reasonable excuse for a delay, however, an appellant must show that he exercised due diligence or ordinary prudence under the circumstances. Ceja v. United States, 710 F.2d 812, 814 (Fed. Cir. 1983); Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982). In this case, the agency's removal notice contained a plain and unambiguous statement that the 30-day time limit began on the date the decision became effective. See Stahl v. Merit. Sys. Prot. Bd., 83 F.3d 409, 412 (Fed. Cir. 1996). The notice contained nothing to suggest that the time limit would not start to run until the U.S. Attorney made a charging decision in the criminal proceeding, or until that proceeding was completed. Under these circumstances, we hold that the Board did not abuse its discretion in concluding that Mr. Grijalva failed to show that he exercised ordinary prudence justifying waiver of the filing deadline.

In a case involving a delay in filing a Board appeal, the appellant has the initial burden of showing a reasonable excuse for the delay, and the agency is required to show prejudice only if the appellant has made that showing of good cause. Womack v. Merit. Sys. Prot. Bd., 798 F.2d 453, 456 (Fed. Cir. 1986). Because the administrative judge concluded that Mr. Grijalva failed to show good cause justifying his untimely filing,

2008-3249                                    4

the agency's failure to submit evidence of substantial prejudice flowing from that delay was immaterial.

Mr. Grijalva further contends that "broad equitable principles of justice" support a waiver of the time limit, see Walls, 29 F.3d at 1582, and that any doubt as to good cause must be resolved in his favor, see Ceja, 710 F.2d at 814. However, the administrative judge found that the agency decision clearly notified Mr. Grijalva of the time limit to appeal its decision, that the delay was considerable, and that no circumstances beyond Mr. Grijalva's control affected his ability to file his appeal in a timely manner. Those are appropriate factors for the Board to consider when determining whether to grant a good-cause waiver. See Walls, 29 F.3d at 1581. In light of the administrative judge's findings, we see no reason to disturb the Board's conclusion that Mr. Grijalva failed to show good cause for his untimely filing. We therefore affirm the dismissal of his appeal on that ground.