## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAROLD A. ROSS,
                 Appellant,

      v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
NY-0752-18-0175-I-1

DATE: August 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harold A. Ross, West Orange, New Jersey, pro se.

Eric Teegarden, Fort McCoy, Wisconsin, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal under 5 U.S.C. chapter 75. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a GS-11 Budget Analyst for the agency. Initial Appeal File (IAF), Tab 23 at 6. Effective July 7, 2018, the agency removed the appellant for conduct and attendance reasons. *Id.* at 6-13, 19-22. He filed a Board appeal, and on April 22, 2019, the administrative judge issued an initial decision affirming the removal. IAF, Tab 38, Initial Decision (ID). The initial decision informed the appellant that the deadline for filing a petition for review was May 27, 2019. ID at 8.

On May 30, 2019, the appellant filed a petition for review by electronic submission. Petition for Review (PFR) File, Tab 1. The Clerk of the Board issued an order notifying the appellant of the applicable timeliness standards and directing him to file evidence and argument showing that the petition for review was untimely filed or that there was good cause for any delay. PFR File, Tab 2. The appellant filed a motion to waive the filing deadline. PFR File, Tab 5. The agency has filed a response to the petition for review, opposing it on both timeliness and substantive grounds, and the appellant has filed a reply to the agency's response. PFR File, Tabs 6-7.

## ANALYSIS

A petition for review must be filed within 35 days after the initial decision is issued, or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the filing delay. *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of his case. *Alonzo v. Department of the Air Force*,

4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In this case, it appears to be undisputed that the petition for review was untimely filed.  The appellant is a registered e-filer, and the initial decision was served on him electronically on April 22, 2019—the date it was issued.  IAF, Tab 1 at 2, Tab 39; PFR File, Tab 5 at 4; *see* 5 C.F.R. § 1201.4(i)-(n).  The initial decision set forth the deadline for filing a petition for review as May 27, 2019.  *See* 5 C.F.R. § 1201.114(e) (setting forth a 35-day deadline for filing a petition for review).  Because May 27, 2019, was a Federal holiday, the appellant's deadline to file a petition for review was May 28, 2019.  *See* 5 C.F.R. § 1201.23 ("If the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date.").  As indicated by the time stamp, the appellant filed his petition for review on May 30, 2019.  PFR File, Tab 1; *see* 5 C.F.R. § 1201.4(*l*) ("The date of filing by e-filing is the date of electronic submission.").  We find that the petition was 2 days untimely.

The record shows that the appellant attempted to file his petition for review electronically on May 27, 2019 at 11:46 p.m.  PFR File, Tab 5 at 10.  However, he ran into technical difficulties and was unable to complete the submission.  *Id*. at 4, 10.  The appellant sought assistance from the Board's technical support team, which replied the following morning at 10:04 a.m., informing him that he was unable to upload his petition because it contained password-protected files.  *Id*. at 10.  The technical support team gave the appellant instructions on how to

complete his submission, and the appellant completed it on May 30, 2019. PFR File, Tab 1, Tab 5 at 10.

On review, the appellant attributes the untimeliness of his petition to these technical difficulties and to his displacement from his home, which resulted from a "toxic exposure event" in his residence that left him without a fixed place to reside "[d]uring the time before and after" he received the initial decision. PFR File, Tab 1 at 3. Regarding the technical difficulties, the Board has found that a party has not shown the due diligence necessary for a finding of good cause when he waits until the last minute to file his petition and encounters unexpected problems. *Defreitas v. Defense Mapping Agency*, 45 M.S.P.R. 55, 57-58 (1990). Moreover, the appellant has not explained why, after receiving assistance from technical support, he waited 2 additional days to file his petition. *See Blair v. Office of Personnel Management*, 89 M.S.P.R. 113, ¶ 12 (2001) (finding that the appellant failed to show good cause for his untimely filing because his explanation did not cover the entire period of the delay), *aff'd*, 31 F. App'x 646 (Fed. Cir. 2002). Nor has he explained why he did not file his petition by alternate means even though he was informed when he elected to e-file that he could still make non-electronic submissions. IAF, Tab 1 at 2; *see* C.F.R. § 1201.14(f) (2019).

Regarding the appellant's living situation, the record shows that the appellant originally vacated his home on February 27, 2019, and continued without a stable living situation until at least May 1, 2019. IAF, Tab 33 at 4; PFR File, Tab 5 at 4, 9. However, the record is silent on whether the appellant's displacement continued throughout the petition for review filing period and if so, what his current living situation is. *See Blair*, 89 M.S.P.R. 113, ¶ 12. Moreover, the appellant has not explained how these circumstances prevented him from making a timely filing. *See Vitale v. Department of Justice*, 33 M.S.P.R. 97, 99 , *aff'd*, 833 F.2d 1023 (Fed. Cir. 1987). Finally, the appellant states that he failed to request an extension because he presumed that this was not a possibility. PFR

File, Tab 5 at 5. However, it is well settled that an appellant's inexperience with legal matters and unfamiliarity with Board procedures does not warrant waiver of the Board's deadlines. *Scott v. Social Security Administration*, 110 M.S.P.R. 92, ¶ 9 (2008).

Although the filing delay in this case was brief and the appellant was proceeding pro se, these factors, without more, do not demonstrate good cause for an untimely filing. *See Simon v. Department of Veterans Affairs*, 65 M.S.P.R. 176, 181 (1994). In the interests of judicial efficiency and fairness, the Board will not waive its timeliness requirements absent good cause shown. *Bond v. Department of the Army*, 51 M.S.P.R. 322, 324 (1991). Accordingly, we dismiss the petition for review as untimely filed. 5 C.F.R. § 1201.114(g). This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.